## THE PEOPLE v. ELIZA GREISER.

*Criminal law—Tax upon manufacture of malt liquors—Selling at retail.*

A manufacturer of beer is not authorized to sell his own product at retail, without the payment of the tax of $200, required to be paid by How. Stat. § 1281, by retail, or wholesale and retail, dealers in malt liquors.

Error to recorder's court of the city of Detroit. (Swift, J.) Argued October 27, 1887. Decided November 3, 1887.

Respondent was convicted of selling beer of her own manufacture, at *retail*, without paying a tax as a retail or wholesale and retail dealer. Conviction affirmed. The facts are stated in the opinion.

*John G. Hawley*, for respondent.

*George F. Robison*, prosecuting attorney, for the People.

MORSE, J. The respondent was convicted, in the recorder's court for the city of Detroit, of selling beer at retail without paying the tax in full in advance to the county treasurer, as required by How. Stat. § 1281.

The respondent is a brewer, and manufactures beer at the corner of Sherman street and St. Aubin avenue, in the city of Detroit. She sells on the premises where the beer is brewed, at wholesale and retail, beer of her own manufacture. She had paid the manufacturer's tax, but no wholesale or retail tax.

It is claimed that, as the payment of a manufacturer's tax exempts the person so paying from the payment of the wholesale tax, it also exempts her from paying the retail tax, as the amount of the tax for selling at wholesale is the same as the tax for selling at wholesale and retail.

The statute as to the manufacture and sale of malt liquors provides the following taxes:

1. Upon the manufacture, if less than 1,500 barrels, $65 per annum.
2. Selling at wholesale, $200.
3. Selling at retail, $200.
4. Selling at wholesale and retail, $200.

It is further provided by the section cited that—

"No person paying a manufacturer's tax on brewed or malt liquors under this act shall be liable to pay a wholesale dealer's tax on the same."

The argument seems to be in the brief of respondent's counsel that because the payment of the manufacturer's tax excuses the payment of the wholesale tax, and the wholesale tax being the same in amount as the tax for selling at wholesale and retail, the tax for selling at wholesale and retail is in effect a wholesale dealer's tax.

We do not so consider it. The Legislature evidently intended that the manufacturer might sell at wholesale as an adjunct of his business without paying an additional tax. But it was not intended that he might also sell at retail, which is not a necessary part of the business of manufacturing.

If the intention had been different the Legislature would, in all probability, have exempted the manufacturer from paying the wholesale and retail tax in so many words.

We must take the law as it reads. It does not authorize the manufacturer to sell at retail, unless either the retail or the wholesale and retail tax is paid, to wit, $200.

SHERWOOD and CHAMPLIN, JJ., concurred.

CAMPBELL, C. J., did not sit.